# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS JOHNSON,<br>27 East Pittsfield Street<br>Pennsville, NJ 08070<br>　　　　　　Plaintiff,<br><br>　v.<br><br>DAIMLER TRUCKS OF NORTH<br>AMERICA, LLC,<br>1140 Commerce Boulevard<br>Swedesboro, NJ 08085<br><br>　　and<br><br>LARRY NAVARRO<br>c/o Daimler Trucks of North America, LLC<br>1140 Commerce Blvd.<br>Swedesboro, NJ 08085<br><br>　　and<br><br>JOHN DOES 1-10,<br>　　　　　　Defendants. | Civil Action No.<br><br>MOTION RETURNABLE<br>December 3, 2012 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT AND ANY CLAIMS AGAINST LARRY NAVARRO PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Caroline J. Berdzik, A Member of the Firm
Of Counsel and On the Brief

123512.2

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

I.    INTRODUCTION ................................................................................................... 1

II.   LEGAL ARGUMENT............................................................................................. 2

       A.    Standard of Review............................................................................... 2

       B.    Plaintiff Has Failed To Set Forth A Cause Of Action Under The FLSA Because She Has Failed To Plead Any Facts To Demonstrate That Daimler Violated The FLSA And Count I Should Be Dismissed As A Matter Of Law. ...... 3

            1.    Plaintiff has failed to allege the existence of unpaid overtime as her allegations are conclusory and not plausible. ............................................. 4

            2.    Plaintiff has failed to allege facts giving rise to liability under Daimler's so-called rounding and disciplinary policies............................. 6

            3.    To the extent Plaintiff's FLSA claim survives a motion to dismiss, Plaintiff has failed to plead willfulness therefore truncating any potential FLSA claims to a two year statute of limitations....................... 10

       C.    Defendant Navarro Must Be Dismissed As A Matter Of Law As There Are No Claims Asserted Against Him In The Complaint..................... 12

III.  CONCLUSION................................................................................................... 13

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Ashcroft v. Iqbal*,
　　566 U.S. 662 (2009) ................................................................................... 2, 3, 5, 11

*Attanasio v. Cmty. Health Sys.*,
　　No. 3:11-cv-582 , 2011 U.S. Dist. LEXIS 121764 (M.D. Pa. Oct. 20, 2011) .................... 5

*Beaulieu v. Vermont*,
　　CA No. 10-32, 2010 U.S. Dist. LEXIS 101192 (D. Vt. Aug. 5, 2010) .............................. 5

*Bell Atl. Corp. v. Twombley*,
　　550 U.S. 544 (2007) ................................................................................... 2, 3, 6, 10

*Bob v. Kuo*,
　　No. 20-1615, 387 Fed. Appx. 134, 2010 U.S. App. LEXIS 14965
　　(3d Cir. July 20, 2010) ................................................................................. 2-3

*Gelman v. State Farm Mut. Auto. Ins. Co.*,
　　583 F.3d 187 (3d Cir. 2009) ............................................................................ 2

*Harding v. Time Warner, Inc.*,
　　No. 09-1212, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009) ............................ 8

*Harris v. Scriptfleet, Inc.*,
　　CA No. 11-4561, 2011 U.S. Dist. LEXIS 139870 (D.N.J. Dec. 6, 2011) ......................... 5

*Maradiaga v. Pyle*,
　　CA No. 11-06096, 2012 U.S. Dist. LEXIS 103487 (D.N.J. July 25, 2012) ....................... 6

*Martin v. Selker Bros., Inc.*,
　　949 F.2d 1286 (3d Cir. 1991) .......................................................................... 11

*McLaughlin v. Richland Shoe Co.*,
　　486 U.S. 128 (1988) ...................................................................................... 11

*Mell v. GNC Corp.*,
　　No. 10-945, 2010 U.S. Dist. LEXIS 118938 (W.D.Pa. Nov. 9, 2010) .................... 4, 5, 11

*Mitchell v. C&S Wholesale Grocers, Inc.*,
　　CA No. 10-2354, 2010 U.S. Dist. LEXIS 68269 (D.N.J. July 8, 2010) ..................... 10-11

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
　　Nos. 10 Civ. 2661 (PAC), 10 Civ. 2662 (PAC), 10 Civ. 2683 (PAC),
　　10 Civ. 3247 (PAC), 2011 U.S. Dist. LEXIS 8585 (S.D.N.Y. Jan. 28, 2011) ................... 5

*Ochoa v. Pearson Educ., Inc.*,
    CA No. 11-1382, 2012 U.S. Dist. LEXIS 3802 (D.N.J. January 12, 2012) ...................... 12

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ................................................................................................ 3

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*,
    140 F.3d 478 (3d Cir. 1998)................................................................................................ 2

*Zhong v. August Corp.*,
    498 F.Supp.2d 625 (S.D.N.Y. 2007)................................................................................... 4

**State Cases**

*Cavuoti v. New Jersey Transit Corp.*,
    161 N.J. 107 (1999) .......................................................................................................... 13

*Cicchetti v. Morris Cnty. Sheriff's Office*,
    194 N.J. 563 (2008) .......................................................................................................... 13

**Statutes**

Federal

29 U.S.C § 207(a)(1)................................................................................................................... 3

State

N.J.S.A § 10:5-1........................................................................................................................ 10

N.J.S.A. § 10:5-12(e) ................................................................................................................ 10

N.J.S.A. § 10:5-12a................................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................................... 1, 2

I.      **INTRODUCTION**

Plaintiff Doris Johnson ("Plaintiff") purports to bring a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and an individual action alleging violations of the New Jersey Law Against Discrimination ("LAD") for sexual harassment and retaliation against Defendant Daimler Trucks North America ("Daimler"). Plaintiff has named Larry Navarro ("Navarro") as a party in the caption, but there are no claims asserted against him on the face of the Complaint.  *See* Plaintiff's Complaint, Docket Entry ("DE") 1.  Plaintiff defines the purported class as "all persons presently and formerly employed by Defendant Daimler in non-exempt positions subject to Defendant Daimler's unlawful pay practices and policies described herein and who worked for Defendant Daimler at any point in the three years preceding the date the instant action was initiated."  *See* DE 1.  Just the mere vague definition of the proposed class demonstrates that Count I of Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Additionally, Plaintiff's allegations contain nothing more than conclusory, bare bones elements of an FLSA cause of action with no factual content.  Even affording the Complaint the most generous reading possible, Plaintiff has failed to plead facts plausible to give rise to an entitlement to relief under the FLSA.  Further, although Plaintiff has named Larry Navarro in the caption, she has not set forth any viable cause of action against him in the Complaint.

For the reasons set forth more fully below, Count I of the Complaint purporting to state an FLSA claim must be dismissed as a matter of law.  Further, Navarro should be dismissed from the lawsuit since the Complaint does not contain any viable causes of action against him.

123512.2

**II.     LEGAL ARGUMENT**

    **A.     Standard of Review**

Fed. R. Civ. 12(b)(6) provides for dismissal of a complaint or cause of action if the plaintiff fails to state a claim upon which relief may be granted.  In deciding a motion to dismiss, the Court must take all allegations as set forth in the complaint as true and view them in the light most favorable to the plaintiff.  *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  However, a "plaintiff's obligation to provide the grounds of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).

The Supreme Court held that a two-step process must be followed when evaluating whether a pleading is sufficient.  The Court should "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 1949-50 (2009).  Courts may disregard allegations that simply set forth legal conclusions.  *Id.*  Second, the Court must identify "well pleaded factual allegations" that must be assumed as true for purposes of a motion to dismiss.  *Id.*  Then after conducting this separate analysis, the Court must determine whether the factual allegations set forth a plausible claim.  *Id.*  Factual allegations must be sufficient to raise a plaintiff's entitlement to relief beyond a speculative level, such that it is plausible on its face.  *Id.*  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009), *Bob v. Kuo*, No. 20-1615, 387 Fed. Appx. 134, 2010 U.S. App. LEXIS 14965 *4

(3d Cir. July 20, 2010)[1] (quoting *Iqbal, id.*, for the notion that "the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully.").

In sum, since *Twombley* and *Iqbal*, pleading standards which would permit a complaint to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) have significantly changed. "It is no longer sufficient to allege mere elements of a cause of action ," instead "a complaint must allege facts suggestive of conduct." *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) quoting *Twombly*, 550 U.S. at 563, n.8. Dismissal of claims failing to meet the *Twombley* standard is extremely important for cases like FLSA collective actions where the threat of "sprawling, costly and hugely time consuming" discovery "will push cost conscious defendants to settle even anemic cases." *Id*. at 559, 560 n. 6.

For the reasons set forth herein, Plaintiff has failed to state forth a viable claim under the FLSA and she has failed to set forth any causes of actions against Navarro. Therefore, Count I of her Complaint should be dismissed as a matter of law and Navarro should be dismissed as a defendant from the underlying action.

### B. Plaintiff Has Failed To Set Forth A Cause Of Action Under The FLSA Because She Has Failed To Plead Any Facts To Demonstrate That Daimler Violated The FLSA And Count I Should Be Dismissed As A Matter Of Law.

Plaintiff has alleged with conclusory language that Daimler violated the FLSA by (1) docking Plaintiff overtime pay by using a rigged rounding system which substantially favors Daimler, (2) unlawfully docking Plaintiff's overtime pay by reducing pay by 30 minutes each day, regardless of whether the employee took a bona fide meal break, and by (3) unlawfully compensating Plaintiff overtime at less than 1.5 times her regular rate. *See* DE 1, ¶64.

The FLSA requires that employers pay overtime compensation for each hour worked beyond forty in a work week. *See* 29 U.S.C § 207(a)(1). In order to state a viable claim under

---

[1] All unpublished decisions are as attached as Exhbits to the Certification of Caroline J. Berdzik, Esq.

123512.2

3

the FLSA, a plaintiff must allege that: (1) the defendant was "engaged in commerce" as defined by the FLSA; (2) she was an "employee" as defined by the FLSA; and (3) that she worked over forty hours per week but was not paid overtime compensation for hours worked over forty. *Mell v. GNC Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938 at *5 (W.D.Pa. Nov. 9, 2010) (citing *Zhong v. August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007)).

       1.     Plaintiff has failed to allege the existence of unpaid overtime as her allegations are conclusory and not plausible.

Plaintiff has failed to allege the existence of unpaid overtime beyond conclusory legal recitations which are not entitled to the assumption of truth. Also, the few facts which Plaintiff provides fail to state a plausible claim for relief. Plaintiff's Complaint contains the following statements as it pertains to purported unpaid FLSA overtime:

12. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) on behalf of all persons presently and formerly employed by Daimler in non-exempt positions subject to Daimler's unlawful pay practices and policies described herein and who worked for Daimler at any point in the three years preceding the date the instant action was initiated (the members of the putative class are referred to as "Plaintiffs").

13. Named Plaintiff and Plaintiffs worked at different facilities of Defendant Daimler but are subjected to the same unlawful wage policies and practices described herein.

14. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions and are all subject to Daimler's unlawful policies and practices as described herein.

15. There are numerous similarly situated current and former employees of Defendant Daimler who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and opportunity to join in the present lawsuit.

19. Plaintiff began working for Defendant Daimler at its Swedesboro location as a Parts Distribution Employee on or around October 9, 2011.

43. As named Plaintiff and Plaintiffs routinely work overtime, this unpaid time results has resulted (sic) in Named Plaintiff and Plaintiffs being denied proper overtime compensation. *See* DE 1.

Courts have routinely rejected allegations substantially similar to the above. Plaintiff's Complaint is devoid of any allegations of any specific time she worked that she was not paid for and that she is purportedly owed. Courts in this Circuit have clearly held that plaintiffs must be "able to estimate the time periods in which they worked without proper overtime compensation." *See Mell*, 2010 U.S. Dist. LEXIS 118938 at *8 (W.D Pa. Nov. 9, 2010). An FLSA complaint requires some coherent approximation of the time owed. *Attanasio v. Cmty. Health Sys.*, Civ No. 3:11-CV-582 , 2011 U.S. Dist. LEXIS 121764, at *22 (M.D. Pa. Oct. 20, 2011). The Complaint does not contain any description of plaintiff's duties, her rate of pay, the approximate amount of overtime hours plaintiff worked or any explanation of who controlled the terms of plaintiff's employment. *Id.* (dismissing FLSA complaint because Plaintiffs wholly failed to plead where exactly they work, what it is they do, how long they have done it for, and other basic facts that would add credence to their bare legal recitations.)[2]

Another neighboring Circuit has articulated the requirements as follows: "At a minimum, [the complaint] must set forth the approximate number of unpaid regular and overtime hours allegedly worked." *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, Nos. 10 Civ. 2661 (PAC), 10 Civ. 2662 (PAC), 10 Civ. 2683 (PAC), 10 Civ. 3247 (PAC), 2011 U.S. Dist. LEXIS 8585 at *21 (S.D.N.Y. Jan. 28, 2011). *See Beaulieu v. Vermont*, CA No. 10-32, 2010 U.S. Dist. LEXIS 101192, *17 (D. Vt. Aug. 5, 2010) (while a complaint cannot be expected to provide the precise days and hours of which the plaintiff was not paid at overtime

---

[2] Although the majority of cases in the Third Circuit provide that plaintiffs should provide an estimate of their overtime hours in their Complaint, there is a case in the District that holds to the contrary. *See Harris v. Scriptfleet, Inc.*, No 11-4561, 2011 U.S. Dist. LEXIS 139870 (D.N.J. Dec. 6, 2011). However, as set forth herein, this case is distinguishable as there are many other conclusory statements contained in Plaintiff's Complaint without factual support which render the FLSA claim subject to dismissal at this juncture.

123512.2

5

rates, "a critical component of a complaint alleging violations of §207 is an approximation of the number of unpaid weekly overtime hours worked over the employment period.) The allegations contained in Plaintiff's complaint are formulaic at best and the Complaint is completely devoid of specific facts that would support any of the conclusory allegations set forth therein. *See Maradiaga v. Pyle*, 2012 U.S. Dist. LEXIS 103487 (D.N.J. July 25, 2012) *5-6.

The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *See Twombley* at 570. Nevertheless, Plaintiff merely alleges that she and others "routinely worked overtime" but were denied proper overtime compensation due to an alleged "rigged rounding system".

      2.    Plaintiff has failed to allege facts giving rise to liability under Daimler's purported rounding and disciplinary policies.

Despite the number of paragraphs contained in the Complaint, the pleading is still deficient in meeting the standards set forth under the Federal Rules of Civil Procedure, *Twombley and Iqbal* and is purely speculative as it pertains to Daimler's alleged "rigged" rounding system. With respect to Daimler's alleged rounding and disciplinary policies, Plaintiff alleges as follows:

    22.    …Defendants utilize a rounding system in computing payroll which rounds to 15 minute intervals.

    23.    Defendants round up to the next 15 minute interval if an employee clock in no more than 8 minutes before the next 15 minute interval.

    24.    Defendants round down to the previous 15 minute interval if an employee clocks in no more than 7 minutes after the previous 15 minute interval.

    25.    Accordingly, by way of example, an employee who clocks in between 6:52-7:07 will be treated by Defendants' payroll computations as having clocked in at 7:00.

    26.    Defendants utilize the same rounding system for clock outs.

    27.    Accordingly, by way of example, an employee who clocks out between 6:52-7:07 will be treated by Defendants' payroll computations as having clocked in at 7:00

123512.2

6

28. Viewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants nor their employees as Defendants utilize the same rounding system when an employee clocks in or out.

29. However, Defendants utilize a disciplinary system to alter the seemingly neutral rounding system in a manner which transforms Defendants' rounding system into a system which is substantially rigged in Defendants' favor.

30. Per Defendants' employment policies, Named Plaintiff and Plaintiffs must clock in within seven minutes before the start of their shift.

31. Per Defendants' employment policies, Named Plaintiff and Plaintiffs are subject to discipline if they clock in after the start of their shift.

32. Per Defendants' employment policies, Named Plaintiff and Plaintiffs must clock out within seven minutes after the end of their shift.

33. As a result of these employment policies, Named Plaintiff and Plaintiffs typically clock in and begin working prior to the start of their shift, as much as 7 minutes before the start of their shift.

34. Named Plaintiff and Plaintiffs do not typically arrive after the official start time of their shifts, because if they did, they would be subject to discipline.

35. Per Defendants' rounding system, none of the up to 7 minutes per day is paid as Defendants round this time to the next 15 minute interval, the official start time of Named Plaintiff's and Plaintiffs' shift.

36. Accordingly, at the start of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because Defendants utilize their disciplinary system to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendants pay their employees.

37. Put another way, an employee is subject to discipline if he or she is tardy in a manner which results in Defendants' rounding system increasing the compensable time even by a minute, but would not be subject to discipline if the employee is early in a manner which results in Defendants' rounding system decreasing the compensable time by as much as 7 minutes.

38. Moreover, Named Plaintiff and Plaintiffs, at the end of the day, are to clock out after the official end time of their shift, but within 7 minutes of that time.

39. As a result of such discipline, Named Plaintiff and Plaintiffs do not typically leave work early, instead they typically leave work and clock out between the end of their shift and 7 minutes thereafter.

40. Accordingly, at the end of an employee's shift, Defendants' rounding system is rigged in favor of Defendants because Defendants utilize their disciplinary system to ensure that, most of the time, the rounding which occurs at the end of the shift decreases the amount of compensable time Defendants pay their employees.

41. Accordingly, Defendants' rounding system unfairly benefits Defendants in that, most of the time, it results in Named Plaintiff and Plaintiffs being paid for less time than they actually worked.

42. Defendants have no good faith basis to use a rigged rounding system as their time clocks record the actual clock in and clock out times to at least a one minute accuracy. *See* DE 1.

Even assuming arguendo what plaintiff alleges is true, it is not sufficient to state a viable cause of action under the FLSA. The Code of Federal Regulations specifically permits the practice of rounding employees' starting and stopping times to the nearest quarter of an hour.

> The practice…of rounding the employees' starting time and stopping time to the nearest…quarter hour…will be accepted, provided it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked. 29 C.F.R. §785.48(b)

Courts have dismissed claims which simply allege that a defendant engages in rounding practices. *See Harding v. Time Warner, Inc.*, No. 09-1212-WQHWMC, 2009 U.S. Dist. LEXIS 72851, at *4 (S.D. Cal. Aug. 18, 2009) (granting defendant's motion to dismiss plaintiff's FLSA claim for overtime pay where the "bare factual allegation of a practice of rounding of reported time worked to the nearest 15 minutes failed to raise a reasonable expectation that discovery will reveal evidence of the claim.") In this case, Plaintiff acknowledges that the rounding system appears neutral as it does not seem to benefit the employee or employer. More importantly, there are no factual allegations whatsoever pertaining to whether Plaintiff or the class she purports to

123512.2

8

represent were impacted in any way by the rounding system as it pertains to overtime compensation.

Plaintiff then alleges that there is a disciplinary policy that exists pertaining to attendance and somehow that renders a "neutral" rounding policy unlawful. However, there is nothing unlawful about the existence of attendance policies, as well as rounding policies that comply with the FLSA. Further, Plaintiff does not allege that she or anyone else for that matter was the recipient of any purported discipline as a result of showing up to work "late" or punching out several "early." The Complaint is likewise devoid of any allegations that Plaintiff or any other employee was disciplined for punching in more than seven minutes before the shift start time or punching out more than seven minutes after the shift ending time. Perhaps, this is because such an allegation would truly demonstrate the absurdity of Plaintiff's allegations because such practices would likewise result in increased compensatory time to Plaintiff. The use of the words "typically", "normally" and "most of the time" throughout the Complaint further demonstrates the extremely speculative and implausible nature of Plaintiff's allegations.

The law is clear that employees who voluntarily come in before their regular starting time or remain after their closing time do not have to be paid for such periods provided, of course, that they do not engage in any work. 29 C.F.R. §785.48 (a) There is no allegation anywhere in the Complaint that Plaintiff or unnamed Plaintiffs performed any compensable work that benefitted Daimler during the seven minutes prior to the start of the shift or within seven minutes after the end of the shift. Plaintiff is likewise unable to establish that she or any other employee was required to clock in up to seven minutes before the start of her shift. In sum, she cannot set forth a plausible cause of action based on Daimler's alleged disciplinary policy and rounding policy.

Even more troubling, Plaintiff's theory requires the Court to assume without any factual support or allegation that employees are losing time because they are clocking in up to seven minutes before the start of their shift and never clock in at the start of the shift or later. The Court is constrained from making such assumptions and has no basis to do so when Plaintiff does not even allege that she clocked in to work in this precise manner. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency…should be exposed at the point of minimum expenditure of time and money by the parties and the Court." *Twombley*, 550 U.S. at 558.

The Court should likewise note that the few details that are provided in the Complaint seem to be contradictory. For example, there is no mention of automatic meal deductions until paragraph 64 of the Complaint and no factual support for such an allegation found anywhere else in the Complaint. Additionally, Plaintiff is referred to as "himself "in at least one location in the Complaint, although Plaintiff is a female. Although it is alleged that Plaintiff and others routinely worked overtime, there are no facts provided to support that Plaintiff actually routinely worked overtime, that she was not compensated for overtime, that she was ever disciplined for arriving to work late or clocking out early. Simply alleging the elements of a cause of action is insufficient and Count I must be dismissed as a matter of law.

>   3.  To the extent Plaintiff's FLSA claim survives a motion to dismiss, Plaintiff has failed to plead willfulness therefore truncating any <u>potential FLSA claims to a two year statute of limitations.</u>

Assuming arguendo that plaintiff's FLSA claim is not dismissed on motion, Plaintiff's allegation regarding Daimler's actions to be knowing and willful are likewise conclusory and therefore, any claims beyond the normal two year FLSA statute of limitations should be dismissed as a matter of law. To state a claim for a willful violation of the FLSA, more than an ordinary violation must be alleged. *Mitchell v. C&S Wholesale Grocers, Inc.*, CA No. 10-2354,

2010 U.S. Dist. LEXIS 68269 *12 (D.N.J. July 8, 2010).  Plaintiff would have to show that Daimler "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1998).  Under *Iqbal*, "it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation."  *Mell v. GNC Corp.*, 2010 U.S. Dist. LEXIS 118938 at *25-26 citing *Mitchell* at *12.

The Complaint contains no allegations to establish that there were any willful violations.  Plaintiff acknowledges that "viewed in a vacuum, the rounding system utilized by Defendants appears to neither favor Defendants nor their employees as Defendants utilize the same rounding system when an employee clocks in or out."  *See* DE 1, ¶28.  Plaintiff further alleges in conclusory fashion that the rounding system "unfairly benefits Defendants in that, most of the time, it results in Named Plaintiff and Plaintiffs being paid for less time than they actually worked" and that "Defendants have no good faith basis to use such a rigged rounding system as their time clocks record the actual clock in and clock out times to at least a one minute accuracy."  *See* DE 1, ¶¶42 -43.

Importantly, there is no allegation that Plaintiff or anyone complained about the rounding policy and that Daimler showed reckless disregard for whether its pay practices violated the FLSA.  *See e.g. Mell* 2010 U.S. Dist. LEXIS 118938 at *26.  (Here, however there are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored"); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991) (finding willfulness when defendant told employee "hush up" concerns that there was a "fine line" regarding the legality of

its pay practices.")  *Ochoa v. Pearson Educ., Inc.*, Civil Action No. 11-cv-1382, 2012 U.S. Dist. LEXIS 3802 (D.N.J. January 12, 2012).

### C. Defendant Navarro Must Be Dismissed As A Matter Of Law As There Are No Claims Asserted Against Him In The Complaint.

The caption names Navarro as a defendant, however there are no claims asserted against him in the Complaint and therefore, Navarro must be dismissed as a defendant.   Under the "Parties" portion of the Complaint, there is no mention of Navarro, but there is mention of John Does 1-5.  *See* DE 1, ¶¶ 9 and 10.  Count II expressly states that it is a Violation of the NJLAD (sexual harassment) (named Plaintiff v. Defendant Daimler).  There is no mention of Navarro in the caption to Count II.  Confusingly, in paragraph 44, it is stated that Navarro was plaintiff's supervisor.  *See* DE 1, ¶ 44.  Further, in Paragraph 55, it is stated that plaintiff complained of the harassing behavior to her manager, Steve.  *See* DE 1, ¶ 55.  Then in Paragraph 71, it is stated that defendant Daimler harassed plaintiff through Navarro and then in Paragraph 72 it states that Daimler was aware that Navarro and other coworkers were sexually harassing plaintiff.  *See* DE 1, ¶¶71-72.  Plaintiff's Complaint is confusing, but even parsing through the conflicting allegations, Plaintiff has not alleged a cause of action against Navarro and he should be dismissed as a matter of law.

*N.J.S.A*. § 10:5-12(a) prohibits unlawful employment practices or unlawful discrimination only by an "employer."  An individual supervisor is not defined as an "employer" under the New Jersey Law Against Discrimination ("LAD").  *N.J.S.A* § 10:5-1.  However, the LAD deems it unlawful for any person, whether an employer, an employee or not, to aid, abet, incite compel or coerce the doing of any of the acts forbidden under this act or attempt to do so.  To "aid" means to assist, support, or supplement the efforts of another and to "abet" means to encourage, counsel, incite or instigate.  *N.J.S.A*. § 10:5-12(e).  In order to hold an individual

liable under the LAD for aiding and abetting an employer's harassment or discrimination, the individual to be held liable would have to hold a position of supervisor.  *Cavuoti v. New Jersey Transit Corp.*, 161 N.J. 107, 123 (1999).  *Cicchetti v. Morris Cnty. Sheriff's Office*, 194 N.J. 563, 591-94 (2008).

Although Navarro is listed as a defendant in the caption, that is as far as the Complaint goes in terms of attempting to allege any claim adverse to Navarro.  Plaintiff specifically does not list an individual count against Navarro and furthermore, Plaintiff's confusing allegations do not allege a supervisory role for Navarro.  No claims against Navarro can be plausibly inferred from the Complaint as it is plead and he should be dismissed from the lawsuit.

### III.    CONCLUSION

For the foregoing reasons, Count I of Plaintiff's Complaint must be dismissed as a matter of law since it is conclusory and implausible.  Further, Defendant Navarro must be dismissed as there are no viable causes of action asserted against him in the Complaint

                                  Respectfully submitted,

                                  **GOLDBERG SEGALLA, LLP**

                                By:   */s/ Caroline J. Berdzik*
                                    Caroline J. Berdzik
                                    A Member of the Firm
                                    Attorneys for Defendants
                                    Daimler Trucks North America and
                                    Larry Navarro

                                    902 Carnegie Center, Suite 100
                                    Princeton, New Jersey 08540

Dated: November 6, 2012